(No. 1145—Claim denied.)

E. P. OLSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 29, 1927.*

CONTRACT—*State highway. When State not liable.* Where claimant enters into a contract with the State for excavation work in constructing its State highway, and in carrying out his contract he is compelled to do extra work, the State is not liable to him for the additional expense incurred by him in the performance of his contract.

O. J. PUTTING AND WALTER E. LINDGREN, for claimant.

OSCAR E. CARLSTROM, Attorney General; S. S. DUHAMEL, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On the 8th day of September, 1925, claimant entered into a contract with the State to do some excavating on Route 24 near the State Fair Ground. The contract contained the usual terms and provisions and was based on the usual plans and specifications adopted by the State Highway Department for excavation work on State highways. Claimant introduced the contract, plans and specifications in evidence. The State introduced no evidence but relies upon the provisions of the contract introduced by claimant. The contention of claimant is that while making the excavation he struck a very unusual earth condition of wet mucky loam or clay that did not come under either of the classifications mentioned in the plans and specifications, which caused him an additional expense of $3,724.72, and he has filed this claim for amount.

Claimant did not testify himself and has not proven by any one that he sustained any loss in doing the work. The specifications which are a part of the contract, provide for three classifications for excavation, viz.: Class A which includes clay, sand, loam, gravel and all hard material that can, in the opinion of the engineer, be reasonably plowed; all earthy matter or earth containing loose stones or boulders intermixed; all other material which does not come under Class B or Class C excavation. Class B which includes all stone and detached rock measuring less than one-half cubic yard in volume; all slate, shale, conglomerate, and like materials soft or loose enough to be removed with heavy machinery without blasting, even though blasting may be resorted to in order to expedite the work. Class C which includes all boulders

measuring one-half cubic yard and upwards; all solid or hard ledge rock in removing which it is necessary to resort to continuous drilling and blasting.

Claimant introduced the resident engineer as a witness, who testified that he was present on the job while the excavation was being done, and that the conditions found came unless Class A of the specifications. Claimant was paid in accordance with the price fixed for Class A excavation. The evidence in this case does not show any unusual conditions not covered by the plans and specifications whereby the State is liable to pay claimant an additional sum for the work done by him. Neither has claimant made any showing entitling him to consideration on the grounds of equity and social justice. He was a man of mature years who had long and varied experience in bidding on work of this character, and if he made a mistake and bid too low it was his own and not the State's fault. If claims of this character are allowed the State would never know when a contract is let what it would have to pay when the work is finished.

The claim is therefore denied and the case dismissed.